Ghostine Rachid GHOSTINE,
Petitioner,

v.

Eric H. HOLDER, Jr.*, Attorney General, Respondent.

No. 05–70824.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 19, 2008.**

Filed May 1, 2009.

**Background:** Alien, a Christian native of Lebanon, petitioned for review of the affirmance, by the Board of Immigration Appeals (BIA), of the denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

**Holding:** The Court of Appeals held that substantial evidence did not support conclusion that alien provided insufficient detail as to the identity of those who repeatedly interrogated and beat him to establish his past persecution.

---

* Eric H. Holder, Jr., is substituted for his predecessor, Michael B. Mukasey, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

---

Marc J. Wigul, Esq., Korenberg Abramowitz & Feldun A Law Corporation, Sherman Oaks, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Lea A. Carlisle, U.S. Department of Justice, Tax Division, Washington, DC, for Respondent.

Before: PREGERSON and RYMER, Circuit Judges, and KORMAN,*** District Judge.

### MEMORANDUM ****

Ghostine Rachid Ghostine, a Christian native of Lebanon, petitions for review of a Board of Immigration Appeals ("BIA") decision denying his application for asylum, withholding of removal, and Convention Against Torture relief. We have jurisdiction to review final decisions of the BIA under 8 U.S.C. § 1252. We review the BIA's decision for substantial evidence, and we grant the petition. *See Njuguna v. Ashcroft,* 374 F.3d 765, 769 (9th Cir.2004).

Initially, the Immigration Judge made an adverse credibility finding. The BIA reversed on appeal and accepted Ghostine's testimony as true. Ghostine's credible testimony established that he was regularly interrogated and beaten by Hezbollah on account of his Christian religion. The BIA's subsequent conclusion that Ghostine provided insufficient detail to establish past persecution is not supported by substantial evidence. "Physical harm has consistently been treated as persecution." *Chand v. INS,* 222 F.3d 1066, 1073–74 (9th Cir.2000). This is particularly true where a claimant suffers from repeated physical harm. *See, e.g. Ahmed v. Keisler,* 504 F.3d 1183, 1194 (9th Cir.2007) (evidence that applicant was beaten three times compelled finding of persecution).

Evidence in the record clearly establishes that the Lebanese government is unwilling or unable to control Hezbollah. Because Ghostine's credible testimony establishes that Hezbollah was the source of persecution, the BIA's conclusion that Ghostine provided insufficient detail regarding the identity of his persecutors is not supported by substantial evidence.

Accordingly, we grant the petition for review and remand to the BIA to allow the government to attempt to rebut the presumption of future persecution if it so chooses.

---

*** The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

PETITION GRANTED and REMAND-ED.

RYMER, Circuit Judge, dissenting.

I would deny the petition for review.

Ghostine offered no details of any incident upon which his claim of past persecution rests. Despite ample opportunity to do so, he failed to present specific evidence necessary to support an asylum claim. *See Singh v. INS,* 134 F.3d 962, 966 (9th Cir.1998). Accordingly, the BIA was not compelled to find that he was persecuted.

Nor does Ghostine's testimony establish an objectively reasonable, well-founded fear of future persecution. In the last fourteen years, no one from Hezbollah has given any indication of looking for Ghostine. That he believes his name is on some kind of "decree" is purely speculative. Finally, Ghostine admits that he was not persecuted at all while he lived in Beirut. Despite changes in how Beirut is governed, his father and sister live there and no evidence indicates they have been harmed or persecuted in any way. *Cf. Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001).

Although Ghostine suggests that the immigration judge (IJ) and the BIA erred in finding that the harm he suffered was not because of his religion or political opinion, only the IJ did so. The BIA accepted Ghostine's testimony as true, which necessarily included that the alleged violence was based on his religious or political views, and nonetheless found insufficient evidence of persecution.

Whether or not the government of Lebanon has done little to protect religious minorities, as Ghostine contends, is irrelevant as he failed to show that he was actually persecuted and that the persecution was on a protected ground.